Milligan, J.,
delivered the opinion of the Court.
It appears, from this record, that an execution issued from the Circuit Court of Knox County, at its June Term, 1860, on a judgment theretofore recovered by R. B. McMullen, the defendant in error, for f632.25, against the Knoxville & Charleston Railroad Company. The Sheriff returned the execution to the October Term following, endorsed nulla bona; but summoned John L. Moses as garnishee, to appear and answer what he. is indebted to the said Company, etc.
In obedience to this summons, the plaintiff in error, John L. Moses, appeared and answered as follows, viz: *244 “As Secretary o-f the Knoxville & Kentucky Railroad Company, I have in my bands the sum of one hundred and sixty dollars, paid to me for clay used in making brick on the depot ground, conveyed to the Knoxville & Charleston Railroad Company. In the conveyance, it is stipulated, that a division of these grounds should be made with the Knoxville & Kentucky Railroad Company, should that Company so desire. A division has been agreed upon, but no title has yet passed to the last named Company. When the title shall be made, the Knoxville & Kentucky Railroad Company will be indebted to the Knoxville & Charleston .Railroad Company, in the sum of fifteen hundred dollars, payable in bonds of the City of Knoxville, at par.”
The Court, under this statement of the garnishee, gave judgment against him for the sum of $160; from which he has appealed in error to this Court.
The single question, under this state of facts, presented for our determination, is, whether or not the one hundred and sixty dollars, in the hands of the plaintiff in error, was subject to attachment or sequestration.
Ry the Code, sec. 3088, sub.-secs. 1 and 2, the garnishee is to answer whether he is, or was at the time of the garnishment, indebted to the defendant, or whether he had, at the time of the service of the notice, or at the time of answering, or at any time between the date of service and answer, any property, debts, or effects belonging to the defendant; and if so, the kind and amount.
The answer of the garnishee is conclusive upon him. It must show that he is indebted to the debtor of the *245 attaching creditor, or has in his hands property, debts, or effects belonging to him. His liability is not to be arrived at by surmises and inferences, but from direct admissions in the answer, or conclusions necessarily fol-following therefrom: Turner vs. Armstrong and Oglesby, 9 Yer., 412; Moore vs. Green, 4 Hum., 299; Foster vs. Saffell, 1 Swan, 90.
Does this case fall within these principles ? The legal title to the land from which the clay was taken, and for which the $160 was paid to the garnishee, was. as it seems, vested in the Knoxville & Charleston Company, with a stipulation in the deed, that the land conveyed should be divided, if the Knoxville & Kentucky Company desired it, between both Companies. A parol division, together with the amount and terms of payment, had been agreed upon, but no deed or notes for payment, had been executed at the time of the garnishee’s answer.
The whole matter rested in fieri. The Knoxville & Kentucky Company, at most, had no interest in the land, but naked contingent equity, which, possibly, a Court of Equity might, upon their proposing to pay a fair consideration for the division, enforce.
But what right, either legal or equitable, had they to the profits issuing out of the land prior to the enforcement of the Knoxville & Kentucky Company’s supposed equity or right to a division of the land? Certainly none at all. It follows, therefore, as a necessary conclusion of law, that the Knoxville & Charleston Company was the the sole owner of the $160, as shown by the answer *246 of the garnishee, and he was bound, in law, to pay that sum to them.
There is no error in the judgment of the Circuit Court, and it must be affirmed.